1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON

7   BARBARA C. HUETHER,
                                              NO: 12-CV-0552-TOR
8                        Plaintiff,
                                              ORDER GRANTING DEFENDANT'S
9        v.                                   MOTION FOR SUMMARY
                                              JUDGMENT
10  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security
11  Administration,

12                       Defendant.

13

14        BEFORE THE COURT are the parties' cross motions for summary

15  judgment (ECF Nos. 14 and 16).  Plaintiff is represented by Rebecca M. Coufal.

16  Defendant is represented by Daphne Banay.  This matter was submitted for

17  consideration without oral argument.  The Court has reviewed the administrative

18  record and the parties' completed briefing and is fully informed.  For the reasons

19  discussed below, the Court grants Defendant's motion and denies Plaintiff's

20  motion.


ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

1   court "may not reverse an ALJ's decision on account of an error that is harmless."

2   *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

3   ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

4   The party appealing the ALJ's decision generally bears the burden of establishing

5   that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

6                    FIVE-STEP SEQUENTIAL EVALUATION PROCESS

7          A claimant must satisfy two conditions to be considered "disabled" within

8   the meaning of the Social Security Act.  First, the claimant must be "unable to

9   engage in any substantial gainful activity by reason of any medically determinable

10  physical or mental impairment which can be expected to result in death or which

11  has lasted or can be expected to last for a continuous period of not less than twelve

12  months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

13  "of such severity that he is not only unable to do his previous work[,] but cannot,

14  considering his age, education, and work experience, engage in any other kind of

15  substantial gainful work which exists in the national economy." 42 U.S.C. §

16  1382c(a)(3)(B).

17         The Commissioner has established a five-step sequential analysis to

18  determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

19  404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner

20  considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3    404.1520(b); 416.920(b).

4         If the claimant is not engaged in substantial gainful activities, the analysis

5    proceeds to step two.  At this step, the Commissioner considers the severity of the

6    claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

7    claimant suffers from "any impairment or combination of impairments which

8    significantly limits [his or her] physical or mental ability to do basic work

9    activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

10   416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11   however, the Commissioner must find that the claimant is not disabled.  *Id.*

12        At step three, the Commissioner compares the claimant's impairment to

13   several impairments recognized by the Commissioner to be so severe as to

14   preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

15   404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

16   severe than one of the enumerated impairments, the Commissioner must find the

17   claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

18        If the severity of the claimant's impairment does meet or exceed the severity

19   of the enumerated impairments, the Commissioner must pause to assess the

20   claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

1   The claimant bears the burden of proof at steps one through four above.

2   *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

3   the analysis proceeds to step five, the burden shifts to the Commissioner to

4   establish that (1) the claimant is capable of performing other work; and (2) such

5   work "exists in significant numbers in the national economy."  20 C.F.R. §§

6   404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7                              ALJ'S FINDINGS

8        Plaintiff filed applications for disability insurance benefits and supplemental

9   security income disability benefits on February 19, 2010.  Tr. 159-167, 168-171.

10  These applications were denied initially and upon reconsideration and a hearing

11  was requested.  Tr. 100-103, 106-07, 108-110, 111-112.  A hearing was held

12  before an Administrative Law Judge ("ALJ") on May 18, 2011.  Tr. 34-85.  The

13  ALJ issued a decision denying Plaintiff benefits on June 17, 2011.  Tr. 8-23.

14       At step one, the ALJ found that Plaintiff had not engaged in substantial

15  gainful activity since February 15, 2010, the alleged onset date.  Tr. 13.  At step

16  two, the ALJ found that Plaintiff had severe impairments, but, at step three, the

17  ALJ found that Plaintiff's impairments did not meet or medically equal a listed

18  impairment.  Tr. 13–16.  The ALJ determined Plaintiff had the residual functional

19  capacity (RFC) to:

20       perform sedentary work as defined in 20 C.F.R. 404.1567(a) and
         416.967(a). The claimant can stand and walk up to four hours per day

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

and she can sit up to six hours per day. She would need to change position at least once per hour. She could not climb ladders, ropes, or scaffolding and she could occasionally climb stairs and ramps. She could not balance. She could occasionally crouch, crawl, kneel, and stoop. She could not be exposed to unprotected heights or heavy equipment.  She could not be exposed to extreme cold, heat, or harsh industrial chemicals.

Tr. 16.  At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a receptionist and cashier.  Tr. 21-22.  At step five, the ALJ made alternative findings that there were a significant number of jobs existing in the national economy which Plaintiff could perform in view of her residual functional capacity and denied her claims on that basis, as well.  Tr. 22-23.

The Appeals Council denied Plaintiff's request for review on September 18, 2012, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ISSUES

Plaintiff raises four issues for review:

1. Whether the ALJ erred by failing find Plaintiff's depressive disorder and personality disorder severe at step two;

2. Whether the ALJ improperly rejected the consulting/examining psychologists' opinions;

3. Whether the ALJ erred in assessing Plaintiff's credibility; and

4.  Whether the ALJ properly constructed the hypothetical posed to the
vocational expert.

ECF 14 at 8-9, 12-13, 16, 18.

DISCUSSION

**A. The ALJ's Step Two Severity Findings**

Plaintiff bears the burden to establish the existence of a severe impairment
or combination of impairments, which prevent her from performing substantial
gainful activity, and that the impairment or combination of impairments lasted for
at least twelve continuous months.  20 C.F.R. §§ 404.1505, 404.1512; 416.905,
416.912;  *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001).  An
impairment, to be considered severe, must significantly limit an individual's ability
to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c);  *Smolen v.
Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  An impairment(s) that is "not severe"
must be a slight abnormality (or a combination of slight abnormalities) that has no
more than a minimal effect on the ability to do basic work activities.  SSR 96-3P,
1996 WL 374181.  Basic work activities include "abilities and aptitudes necessary
to do most jobs, including, for example, walking, standing, sitting, lifting, pushing,
pulling, reaching, carrying or handling."  20 C.F.R. § 404.1521(b).

A physical or mental impairment is one that "results from anatomical,
physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and "under no circumstances may the existence of an impairment be established on the basis of symptoms alone." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005)(citing SSR 96-4p, 1996 WL 374187 (July 2, 1996))(defining "symptoms" as an "individuals own perception or description of the impact of" the impairment).

Plaintiff asserts that the ALJ erred in failing to list Plaintiff's depressive disorder and personality disorder as severe impairments at step two. ECF No. 14 at 8-12.

Plaintiff seems to misapprehend that a step two finding of a severe impairment does not itself result in a finding of disability. Step two merely screens out groundless claims. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (*citing Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). Having passed through the step 2 window, Plaintiff cannot show she was harmed by the Commissioner's step two finding. While styled as a step two challenge, this argument is better addressed to the ALJ's RFC findings as applied at steps four and five. Only then could Plaintiff show the necessary harmful error. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that ALJ's failure to list plaintiff's bursitis as a

1    severe impairment at step two was harmless where ALJ considered limitations

2    caused by the condition at step four).

3            Thus, the Court will proceed to address Plaintiff's argument that the ALJ

4    improperly discounted the consulting and examining psychologists' opinions,

5    thereby affecting the ALJ's RFC assessment.

6    **B.  The Consulting/Examining Psychologists' Opinions**

7            Plaintiff contends that the ALJ erred by failing to incorporate her limitations

8    from a depressive disorder found by three consultative psychologists.[1] Specifically,

9    Plaintiff contends the vocational expert conceded that Plaintiff would be precluded

10   in her ability to keep a job for any period of time assuming the limitations assessed

11   by examining psychologist Mahlon B. Dalley, Ph.D., in his April 9, 2010

12   evaluation.  Tr. 82-83, 560.

13

14   _____

15   [1] Plaintiff also now complains that the ALJ should have obtained records from

16   Community Health Services of Spokane (CHAS). ECF No. 14 at 10-11.  Plaintiff

17   did not identify any additional records for the ALJ (Tr. 38) and the 2005 CHAS

18   records would significantly predate Plaintiff's alleged onset date (see Tr. 51-52).

19   Thus, the Court finds no reversible error with respect to this assertion which was

20   relegated to a footnote in Plaintiff's brief.

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation omitted); *see also Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (upholding ALJ's decision to reject examining psychologist's functional assessment that conflicted with his own written report and test results).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830–831 (9th Cir. 1995)).

However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.  *Lester*, 81 F.3d at 831 (other contradictory evidence includes laboratory reports, medical reports, and claimant's testimony).  To the extent that an examining physician's opinions are based upon

the claimant's subjective complaints, the ALJ may cite the unreliable nature of the claimant's complaints as a reason for rejecting the examining physician's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability [which is] premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted.") (internal quotations and citation omitted).

Contrary to Plaintiff's assertions, the ALJ offered clear and convincing reasons for rejecting these witnesses' conclusions. First, the ALJ rejected the conclusions of Samantha Chandler, Psy.D., from her consultative examination of April 12, 2010. The ALJ found:

> This opinion is not consistent with the evidence of record. First, since the evaluation with Dr. Genthe [in 2007], there is no evidence of record to suggest a change in the claimant's level of function, i.e., the claimant has not sought mental health counseling and the medical treatment notes do not mention a significant change in the claimant's level of depressive symptoms. Dr. Chandler said there is evidence of problems in social functioning; yet, she did not elaborate on these problems and the claimant did not complain to Dr. Chandler of any difficulties in this area. Dr. Chandler said the claimant was timid; however, during the hearing with the undersigned the claimant showed no signs of being timid. Moreover, the evidence of record also shows she has had no problems with interactions with treatment providers or examiners. Dr. Chandler stated the claimant could follow short, simple instructions, but said nothing about complex instructions. The evidence as a whole suggests the claimant is capable of both simple and complex tasks. She completed four years of college and she was an active member of Mensa.

* * *

> However, again, there is no evidence of record to suggest the claimant has significant limitations with interaction with the general public. The claimant reported to Dr. Chandler that she is able to go out alone and she can grocery shop. . . . The evidence of record also shows she has had no problems with interactions with treatment providers or examiners.

Tr. 19 (bracketed information added).  Moreover, the ALJ fully explained the reasoning for including a longitudinal reference to a June 2007 evaluation:

> Although this opinion was given several years prior to the alleged onset date, the evidence of record shows a trend of steady symptoms, both physically and mentally. Therefore, the undersigned finds this evaluation provides a good understanding of the claimant's level of functioning for the past several years. Moreover, this assessment is consistent with the ability to complete a college degree, take care of infant and toddler nephews, and be a member of Mensa.

Tr. 18.  Substantial evidence in the record supports the ALJ's findings.

Next, the ALJ gave little weight to the conclusions of Mahlon Dalley, Ph.D. from two examinations he performed on April 9, 2010 and December 14, 2010. With regard to Dr. Dalley's conclusion that Plaintiff had moderate to marked social limitations, the ALJ found:

> However, again, the claimant has not complained of problems with social interaction; she has been cooperative with treating and examining medical providers; she is able to interact with clerks for the purposes of commerce; and she was cooperative during the hearing. The evidence of record is not supportive of more than mild limitations in social functioning.

Tr. 19-20.  Substantial evidence in the record supports the ALJ's findings and these findings are clear and convincing.

Next, the Plaintiff cites to a third evaluation of Dr. Dalley's issued June 17, 2011.  This opinion was not submitted to the ALJ but rather submitted only to the Appeals Council by Plaintiff in August 2011, since the ALJ's opinion was issued the same day as the Doctor's report.  Tr. 640-647.  The Ninth Circuit has recognized that the "regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision."  *Brewes v. Commissioner of Social Sec.*, 682 F.3d 1157, 1162 (9th Cir. 2012)(*citing* 20 C.F.R. § 404.970(b)).

The date of the ALJ's decision is critical here because the ALJ found claimant not disabled from February 15, 2010 through June 17, 2011.  Disabled is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

Dr. Dalley's two prior reports opined that claimant's condition would only last six months at most, Tr. 564, or nine to twelve months, Tr. 588.  Even if these prior opinions were accepted, neither would have fully met the continuous

1   disability period. Only the new report estimated that Plaintiff would be impaired

2   for more than 12 months.  Tr. 647.

3       This Court must review the record as a whole and determine whether

4   substantial evidence supports the ALJ's decision.  Having reviewed the record and

5   Dr. Dalley's newest report, the Court cannot find the reasons for rejecting Dr.

6   Dalley's opinions were erroneous.  What was true with Dr. Dalley's first two

7   opinions remains true as to his final report, as well.

8   **C. Plaintiff's Credibility**

9       Plaintiff contends that the ALJ improperly discredited Plaintiff's subjective

10  complaints according to *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir.

11  2007).

12      In social security proceedings, a claimant must prove the existence of

13  physical or mental impairment with "medical evidence consisting of signs,

14  symptoms, and laboratory findings."  20 C.F.R. § 404.1508.  A claimant's

15  statements about his or her symptoms alone will not suffice.  20 C.F.R. §§

16  404.1508; 404.1527.  Once an impairment has been proven to exist, the claimant

17  need not offer further medical evidence to substantiate the alleged severity of his or

18  her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

19  As long as the impairment "could reasonably be expected to produce [the]

20  symptoms," 20 C.F.R. § 404.1529(b), the claimant may offer a subjective

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1  evaluation as to the severity of the impairment.  *Id.*  This rule recognizes that the

2  severity of a claimant's symptoms "cannot be objectively verified or measured."

3  *Id.* at 347 (quotation and citation omitted).

4          Evaluating the credibility of a claimant's testimony regarding subjective pain

5  requires the ALJ to engage in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d

6  1028, 1035–36 (9th Cir. 2007). "First, the ALJ must determine whether the

7  claimant has presented objective medical evidence of an underlying impairment

8  which could reasonably be expected to produce the pain or other symptoms

9  alleged." *Id*. at 1036 (internal citations and quotation marks omitted). The claimant

10  is not required to show that her impairment "could reasonably be expected to cause

11  the severity of the symptom she has alleged; she need only show that it could

12  reasonably have caused some degree of the symptom." *Id*. (quoting *Smolen v.*

13  *Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). Nor may the ALJ discredit the

14  subjective testimony as to the severity of the symptoms "merely because they are

15  unsupported by objective medical evidence." *Reddick v. Chater*, 157 F.3d 715, 722

16  (9th Cir. 1998).  If the claimant satisfies the first step and there is no evidence of

17  malingering, the ALJ may only reject the claimant's testimony about the severity of

18  the symptoms by providing "specific, clear and convincing reasons" for the

19  rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  On the other hand,

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

"the medical evidence is still a relevant factor in determining the severity" of the claimant's limitations. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

In the event that an ALJ finds the claimant's subjective assessment unreliable, however, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* The ALJ may also consider a claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

1    Here, the ALJ provided the following specific, clear and convincing reasons,

2    supported by substantial evidence in the record, for discounting Plaintiff's

3    complaints of total disability:

4        After careful consideration of the evidence, the undersigned finds
         that the claimant's medically determinable impairments could
5        reasonably be expected to cause the alleged symptoms; however,
         the claimant's statements concerning the intensity, persistence and
6        limiting effects of these symptoms are not credible to the extent
         they are inconsistent with the above residual functional capacity
7        assessment.

                            * * *
8

9        Prior to the alleged onset date, the claimant's physical impairments
         did not prevent her from earning a four year college degree or
10       babysitting her two young nephews. These activities show the
         claimant was capable of a full range of activities of daily living
11       prior to the alleged onset date and the evidence of record does not
         indicate any worsening of the claimant's impairments. Therefore,
12       the undersigned finds the claimant would likely be able to maintain
         the same level of functioning currently. The claimant alleged she
13       did not do much lifting of her nephews. However, this is not a
         reasonable assertion. She said she watched her nephews for about
14       eight hours per day. It is very likely she had to lift her 10 month
         old nephew at least occasionally throughout the day. Although the
15       undersigned finds the claimant can lift no more than 10 pounds
         occasionally, it is assumed the claimant's 10 month old nephew
16       weighed more than 10 pounds.

17       There are minimal treatment records after the alleged onset date,
         suggesting the claimant's impairments are not as significant as she
18       has alleged in connection with her application for benefits.

                            * * *
19

20       However, the claimant does not exercise regularly and she did not
         attend physical therapy as recommended. Treatment notes from
         November 2010 and January 2011, indicate the claimant was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

discharged from Rockwood physical therapy after just two sessions because the claimant said she could no longer attend since she had too many things going on. Importantly, it was also noted the claimant had improvement after those two sessions. Furthermore, per the claimant's testimony and treatment notes, the claimant feels better when she does exercise. On November 8, 2010, she reported she did her exercises that morning and she felt really good.

The claimant wore wrist braces to the hearing, but the current evidence of record does not suggest any impairment to the claimant's wrists. The claimant admitted she is able to use the computer for up to four hours per day, indicating good use of the claimant's hands. A consultative examination and physical capacities examination were both normal.

\* \* \*

Finally, the claimant admitted at the hearing that she is looking to volunteer at the local library; however, based on her testimony, it is clear that she would be looking for regular employment at the library if it were not for budget issues preventing the libraries from hiring. This suggests that the claimant believes herself capable of working, but is unwilling to look for work outside the area that she earned her degree in.

Tr. 17-18, 20.  These are but a few of the ALJ's findings that Plaintiff has ignored in challenging the ALJ's decision.  No error has been shown.

### D. The Hypothetical Posed to the Vocational Expert

Plaintiff argues that, "[t]he ALJ, in not considering [Plaintiff's] mental health problems severe, and not providing the ALJ with a hypothetical which included the mental health limitations results in the ALJ not providing a VE with all of [Plaintiff's] limitations."  ECF No. 14 at 18.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

This argument is not otherwise developed and can only be interpreted as derivative of Plaintiff's arguments above.  No error has been shown above, thus, the hypothetical was proper.

**IT IS HEREBY ORDERED:**

1.  Defendant's Motion for Summary Judgment, ECF No. 16, is

    **GRANTED**.

2.  Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** July 3, 2013.



                      THOMAS O. RICE
              United States District Judge